NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0519n.06

No. 07-3843

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 28, 2009**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TRAVELLE GRIGSBY,

    Defendant-Appellant.

_____/

On Appeal from the United States District Court for the Southern District of Ohio.

BEFORE:    MARTIN, RYAN, and SUTTON, Circuit Judges.

    RYAN, Circuit Judge.    The defendant, Travelle Grigsby, appeals his conviction and sentence for his role in a counterfeit check scam, in violation of 18 U.S.C. §§ 1349, 1344, and 2. We conclude that the district court committed no error and affirm its judgment.

**I.**

    In 2005, Travelle Grigsby and his girlfriend, Frances Roberson, concocted a scheme to fabricate and use fraudulent checks to purchase merchandise from retail stores in the Cincinnati area and to resell these goods for 70 to 80 cents on the dollar. They used a computer software program to create the fabricated checks, and in order to make the checks look authentic, they scanned bank logos, inserted corresponding bank routing numbers, and made up fake personal account numbers using digit sequences similar to

real bank accounts. They purchased identification cards from acquaintances and printed names on the checks to match the identification cards.

With the fabricated checks and the bogus identification cards, Grigsby, Roberson, and a newly recruited confederate, James Johnson, purchased various high-priced items at a number of stores, obtaining approximately $1,000 worth of goods each trip. Grigsby then sold the items to individuals outside the store and the proceeds were divided among Grigsby, Roberson, and Johnson.

When the United States Secret Service learned of this scheme, they investigated and eventually arrested Roberson. Further investigation led the authorities to Grigsby and Johnson. Grigsby and Johnson were charged together with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349. Johnson pleaded guilty, but Grigsby opted for trial. Grigsby was convicted and sentenced to 78 months' imprisonment.

## II.

First, Grigsby challenges the district court's denial of his motions for judgment of acquittal pursuant to Fed. R. Crim. P. 29, a challenge we review de novo. United States v. Mabry, 518 F.3d 442, 447 (6th Cir. 2008), cert. denied, 129 S. Ct. 1523 (2009). A judgment of acquittal is appropriate when no rational trier of fact could conclude from the evidence presented by the government that each element of the offense was proved beyond a reasonable doubt. United States v. Pearce, 912 F.2d 159, 161 (6th Cir. 1990). Grigsby's claim fails because a rational juror could conclude from the evidence presented at trial, including the testimony of coconspirators and the video surveillance tape, that

Grigsby executed a scheme to obtain money under the custody of a financial institution, by fraudulent means, in violation of 18 U.S.C. §§ 1344 and 1349.

Second, Grigsby challenges the district court's failure to act sua sponte to instruct the jury to disregard, as improper vouching, the prosecutor's statement in closing argument: "I submit to you, she was truthful." We review this claim under the plain error standard because defense counsel did not object during trial. Fed. R. Crim. P. 52(b).

Improper vouching is generally understood to occur when a prosecutor makes a statement to the jury that, in context, strongly suggests that the prosecutor is asking the jurors to accept as a fact the prosecutor's opinion, that a government witness is telling the truth. See, e.g., United States v. Francis, 170 F.3d 546, 550 (6th Cir. 1999). The perceived unfairness is telling the jurors that a certain witness's testimony is truthful, not solely because the evidence in the record shows that it is credible, but because the powerful United States government, speaking through the prosecutor, says it is. Context is everything in these challenges. The claim of improper vouching by a prosecutor who has argued in summation that a particular witness has told the truth, is weakest when the jury has heard a substantial amount of evidence, direct and circumstantial, supporting the challenged witness's credibility. This is such a case. Roberson and Johnson testified in detail about the particulars of the scheme and their involvement in it, much of which was corroborated by other evidence including other government witnesses.

We are satisfied that the prosecutor's statement in closing argument that, "I submit to you, she [(Roberson)] was truthful," was not an unfair comment and did not add any measurable weight to the properly admitted evidence that Roberson's very incriminating testimony was truthful, and least of all amounted to flagrant vouching.

In short, Grigsby's claim fails because the prosecutor's argument did not taint the fairness and integrity of the judicial proceedings. See United States v. Kuehne, 547 F.3d 667, 687 (6th Cir. 2008).

Third, Grigsby argues that the court plainly erred by not making a more rigorous inquiry into a potential conflict of interest created by the trial counsel's representation of a non-party witness. In order to establish a reversible error based on a purported conflict of interest, at a bare minimum, a defendant must demonstrate that a conflict actually exists. Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir. 1987). Grigsby's claim fails because he has not made an even arguable basis for concluding that an actual conflict exists.

Fourth, Grigsby challenges the application of several United States Sentencing Guidelines enhancements. His argument that the court erred in assessing a U.S.S.G. § 2B1.1(b)(1)(F) enhancement for involving more than $120,000 in loss is unavailing because the court arrived at this amount by adding the amounts on the checks that Grigsby and Roberson passed and that the government recovered. His argument that the court erred in assessing a U.S.S.G. § 2B1.1(b)(2)(A) enhancement for involving 10 to 49 victims is also unavailing because the government demonstrated that at least 16 people exchanged merchandise for the fraudulent checks. Grigsby's argument that the court impermissibly double-counted the same aspect of his offense by assessing a U.S.S.G. § 2B1.1(b)(10)(A)(ii) enhancement for involving the use of authentication features is without merit because the base offense level reflected that this was an economic crime involving counterfeiting equipment, but did not account for the additional conduct of using authenticating features. See United States v. Smith, 516 F.3d 473, 476 (6th Cir. 2008). Grigsby's argument that the court erred in assessing a U.S.S.G. § 3B1.1(c) enhancement

for playing a leadership role in the crime is meritless because the evidence at trial sufficiently demonstrated that he was involved in the planning and execution of the fraudulent scheme.  See United States v. Vasquez, 560 F.3d 461, 473 (6th Cir. 2009). Finally, Grigsby's argument that the court erred in assessing a U.S.S.G. § 3C1.1 enhancement for exercising undue influence or engaging in obstruction of justice is also without merit because Roberson testified that Grigsby attempted to influence her testimony by offering her money and by threatening her if she testified against him, which is a sufficient foundation to support such sentence enhancement.

**III.**

For these reasons, we **AFFIRM** the district court's judgment.